UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLA M. COTE,<br><br>                              Plaintiff,<br><br>-against-<br><br>MARTIN O'MALLEY, Acting Commissioner of the Social Security Administration,<br><br>                              Defendant. | 24-CV-233 (JGLC) (JW)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

This action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration denying Plaintiff's application for Supplemental Security Income benefits was referred to Magistrate Judge Willis for a Report and Recommendation. *See* ECF No. 5. In the Report and Recommendation filed on August 11, 2025, Magistrate Judge Willis recommended that Plaintiff's motion be granted, but that the matter be remanded for further proceedings. *See* ECF No. 13 at 23.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 13 at 23. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the parties' briefing and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Here, Administrative Law Judge Cascio erred in evaluating multiple pieces of medical evidence. The record, however, consists of medical opinions with varied results, which supports remand for reevaluation. *See* ECF No. 13. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF No. 13 and REMAND the case for further proceedings in accordance with the Report and Recommendation.

SO ORDERED.

Dated: August 27, 2025
New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge